# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RALPH SMITH, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STROM ENGINEERING CORPORATION,**<br><br>**Defendant.** | **CIVIL ACTION NO.: 2:19-cv-00147-MRH-RCM** |

## SETTLEMENT AGREEMENT AND RELEASE

1. This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Ralph Smith ("Plaintiff"), individually and on behalf of all Settlement Class Members, and Defendant Strom Engineering Corporation ("Defendant" or "Strom").

## RECITALS

2. Plaintiff initially filed this case as a class and collective action alleging violations of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), and Oregon Minimum Wage Statute ("OMWS"), as well as unjust enrichment in violation of Pennsylvania law, in the United States District Court for the Western District of Pennsylvania on July 10, 2017. *See*, *Smith et al v. Allegheny Tech. Inc. et al*, No. 2:17-cv-00911-MRH-RCM (*Smith I*), ECF No. 1. Allegheny Technologies, Inc. ("ATI") filed a Motion to Dismiss the Complaint, and Strom filed a Motion to Strike the Complaint. The Magistrate Judge issued a corrected Report and Recommendation ("R&R") on November 28, 2017, recommending that ATI's Motion to Dismiss and Strom's Motion to Strike both be denied. *Id.*, at ECF No. 46. The District Court issued an Order on February 28, 2018, declining to adopt the Magistrate Judge's R&R, granting the motion to dismiss Plaintiffs' Complaint with prejudice, as against all Defendants, and denying all other pending motions without prejudice as moot. *Id.*, at ECF No. 63.

3. Plaintiff appealed the District Court's February 28, 2018 Order, and on December 10, 2018, the Third Circuit issued an opinion affirming this Court's dismissal of the FLSA and OMWS claims, but reversing dismissal of Plaintiffs' PMWA claims and holding that Plaintiff "adequately pled a cause of action under the PMWA." *See Smith v. Allegheny Techs., Inc.*, 754 F. App'x 136, 141 (3d Cir. 2018). On January 16, 2019, this Court declined to exercise supplemental jurisdiction over the PMWA claim, and dismissed the action without prejudice to re-filing in state court. *Smith I*, at ECF No. 69.

DocuSign Envelope ID: 07206972-95D3-413C-A7C9-BB6C74184420

4.      Plaintiff then re-filed this Action as a class action under the PMWA against Defendants in Pennsylvania state court on February 6, 2019. On February 8, 2019, ATI removed the Action to the United States District Court for the Western District of Pennsylvania. *See, Smith et al v. Allegheny Tech. Inc. et al*, No. 2:19-cv-00147-MRH-PLD (*Smith II*), ECF No. 1. Plaintiff filed an Amended Complaint on February 25, 2019, in which ATI was not included as a party defendant. *Id*., at ECF No. 4. The District Court denied Strom's motion to dismiss. *Smith II, at* ECF No. 19 (adopted as opinion of the district court at ECF No. 26).

5.      The Parties engaged in two years of discovery, which included the production and exchange of tens of thousands of documents and nine depositions. Plaintiff also engaged in third party discovery from both ATI and the Phillips Group. Plaintiff also engaged an expert, Dr. Erin Hatton, and the Parties engaged in expert discovery.

6.      The Parties participated in a mediation with Court appointed mediator Mark Irvings, on October 5, 2021. The case did not resolve.

7.      On November 4, 2021, Plaintiff moved for class certification of his claims under the PMWA. *Smith II*, at ECF No. 69. The Parties engaged in an additional year of briefing on issues surrounding class certification. On February 22, 2023, this Court adopted the Magistrate's Report and Recommendation and Supplemental Report and Recommendation and granted Plaintiff's motion for class certification. *Id*., at ECF No.116.

8.      On March 31, 2023, the case was referred to Magistrate Judge Lisa Pupo Lenihan for settlement purposes. *Id*., at ECF No. 124. A mediation was scheduled for June 14, 2023. In anticipation of the mediation, at Judge Lenihan's direction, the Parties submitted mediation statements, and exchanged damages analyses, as well as initial demands and offers for settlement.

9.      Judge Lenihan held a full day mediation with the Parties on June 14, 2023 in the United States District Court for the Western District of Pennsylvania Courthouse. Counsel for the Parties and Strom representatives attended in person. Plaintiff attended via telephone. As a result of this mediation, the Parties reached a settlement, the agreed terms of which were put on the record. *Id*., at ECF No. 132.

10.     As a result of this mediation, and attendant arms' length negotiations, the Parties have reached a settlement as memorialized herein. The Parties have agreed fully and finally to resolve this matter on the terms and conditions described herein.

11.     Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Plaintiff has considered: (a) the facts developed during the Parties' discovery and mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and it is in the best interests of Plaintiff and the Settlement Class (as defined below) to settle their claims pursuant to the terms set forth herein.

12.     Defendant denies any wrongdoing with respect to the claim Plaintiff asserted in this Action, including the allegations that it violated the PMWA. Strom asserts that Plaintiff and the

DocuSign Envelope ID: 07206972-9ED3-413C-A7C9-BBBC74184429

Settlement Class Members were at all relevant times paid appropriately for all hours worked under the PMWA. Strom also believes and intended to argue that the PMWA Class should be decertified on the grounds that Plaintiff cannot meet the class requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure. Strom nonetheless desires to resolve this lawsuit and agreed to the terms of this Settlement in order to (i) avoid the further expense and disruption of business due to the pendency of this litigation; and (ii) put the claims asserted in the Action to rest by dismissing them with prejudice.

13.     This Settlement Agreement reflects a compromise of disputed claims reached after arm's-length negotiations facilitated by a neutral third-party. Nothing in this Settlement Agreement shall be deemed or used as evidence of, or as an admission or concession of, the truth or validity of any substantive or procedural allegation, claim, or defense asserted in this or any other action or proceeding; liability by Defendant or any of the Released Parties; of any fault or wrongdoing whatsoever, or as evidence that, or as an admission that, this Action could have proceeded as a class action under Rule 23 of the Federal Rules of Civil Procedure; or for any purpose other than settlement. The Parties recognize that uncertainty exists in this lawsuit as to liability and damages.

14.     The Parties also recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and the Settlement will not become operative until the Court grants final approval of it, the Settlement becomes Final, and the Settlement Effective Date occurs.

15.     In exchange for (i) the dismissal of the Action and claim asserted therein with prejudice; (ii) the entry of the Final Approval Order; (iii) the settlement and release of all Released Claims as defined in this Agreement; and (iv) the other terms and conditions of this Agreement, Strom has agreed to pay up to an amount not to exceed the Maximum Gross Settlement Amount, plus the employer's share of payroll taxes attributable to the wage portion of the settlement awards to Settlement Class Members.

16.     This settlement is conditioned on the following material terms: (i) the Court's entry of a Final Approval Order granting final approval of this settlement and dismissal with prejudice of this lawsuit and the claim asserted therein in accordance with the terms set forth herein; (ii) passage of the Effective Date.

17.     In consideration of the good and valuable consideration referred to herein, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiff and the Settlement Class Members' (as defined below) claims as described herein and set forth in the Complaint against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Participating Class Members' Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to Defendant and Released Parties, in the manner and upon the terms and conditions set forth below.

## DEFINITIONS

18.     The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.     "Action" means the above captioned Action.

b.     "Class Counsel" means Sarah R. Schalman-Bergen of Lichten & Liss-Riordan, P.C. and Michaela L. Wallin of Berger Montague PC[1].

c.     "Court" means the United States District Court for the Western District of Pennsylvania.

d.     "Defendant" means Strom Engineering Corporation.

e.     "Defendant's Counsel" means Ted Schroeder, Joshua Vaughn, Katelyn McCombs and Taylor Brailey of Littler Mendelson.

f.     "Effective Date" means the later of (1) the Court's entry of an order granting final approval of the settlement dismissing this Action and claim asserted therein with prejudice; (2) the expiration of the appeal rights of the Parties and Settlement Class Members (which, if no timely notice of appeal is filed, shall be deemed to be 30 days following entry of the order dismissing the Civil Action with prejudice; and (3) if a timely appeal is made, 5 days following the date of the final resolution of that appeal and any subsequent appeals or related proceedings resulting in final judicial approval of the settlement.

g.     "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety.

h.     "Fee and Cost Payment" means, subject to Court approval, the attorneys' fees and costs to be paid to Class Counsel for the services they rendered Plaintiff and the Participating Class Members in the Action, in the total amount for attorneys' fees not to exceed one-third of the Maximum Gross Settlement Amount, plus out-of-pocket costs not to exceed $100,000, as approved by the Court.

i.     "Final Approval" or "Final Approval Order" means the Court's Final

---

[1] In connection with the motion for preliminary approval of the settlement, Plaintiff will move to add Michaela Wallin of Berger Montague PC to serve as Class Counsel with Sarah Schalman-Bergen of Lichten & Liss-Riordan, P.C., who was appointed Class Counsel by the Court at ECF No. 116. Defendant agrees not to oppose this request to the Court.

DocuSign Envelope ID: 07206972-95D3-413C-A7C0-BB6C74184420

Approval Order The proposed Final Approval Order that will be submitted to the Court with Named Plaintiffs' Unopposed Motion For Final Approval is attached as **Exhibit C**.

j.      "Final Approval Hearing" means the hearing to be held by the Court to consider the final approval of the Settlement. The Final Approval Hearing shall be scheduled to occur no less than 100 days following the date of the Preliminary Approval Order.

k.      "Maximum Gross Settlement Amount" means the maximum amount of money to be paid by Defendants in connection with this Agreement and settling this Action. The Maximum Gross Settlement Amount is Four Million Dollars and No Cents ($4,000,000.00). In no event shall Defendants be required to pay more than the Maximum Gross Settlement Amount in satisfaction of its obligations under this Agreement; if the total of Defendants' obligations are determined to exceed the Maximum Gross Settlement Amount, then all payment obligations under this Agreement shall be reduced on a *pro rata* basis until the total obligation is no more than the Maximum Gross Settlement Amount. Notwithstanding the above, in addition to the Maximum Gross Settlement Amount, Defendant shall separately pay its own attorneys' fees and costs and the employer's share of payroll taxes attributable to the wage portion of settlement awards.

l.      "Net Settlement Amount" means the Maximum Gross Settlement Amount less: (i) the Reserve Fund; (ii) the Service Award; (iii) the Fee and Cost Payment; and (iv) Settlement Administrator's costs in the amount not to exceed $19,000. These amounts are subject to the Court's approval.

m.      "Notice Deadline" means the date forty-five (45) days after the Settlement Notices are initially mailed by the Settlement Administrator as provided for in this Agreement. Except as otherwise provided in this Agreement, Settlement Class Members shall have until the Notice Deadline to object to or exclude themselves from the Settlement.

n.      "Parties" means the parties to this Agreement, Plaintiff and Defendant.

o.      "Participating Class Members" means (i) Plaintiff and (ii) Settlement Class Members who do not exclude themselves from the Settlement.

p.      "Plaintiff" means Ralph Smith.

q.      "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement, authorizing notice of the settlement to the Settlement Class Members, and setting a date for a Final Approval Hearing. The proposed Preliminary Approval Order that will be submitted to the Court with Plaintiff's unopposed motion for preliminary approval is attached as **Exhibit B**.

r.      "Qualified Settlement Fund" or "QSF" means the account established by the Settlement Administrator and funded by the Defendant for the purpose of holding the Maximum Gross Settlement Amount as well as funds paid by Defendant sufficient to enable the Settlement Administrator to pay the employer's share of payroll taxes. The QSF will be controlled by the Settlement Administrator subject to the terms of this Agreement and the Court's orders regarding approval.

5

s.      "Released Parties" means Defendant and its predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, members, shareholders, employees, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any investors, trusts, or other similar or affiliated entities), joint venturers, benefit plans and plan administrators, and all persons acting by, through, under, or in concert with, any of the aforementioned individuals or entities, including any person or entity that was or could have been named as a defendant in the Action.

t.      "Reserve Fund" means a reserve fund of $20,000 from the Maximum Gross Settlement Amount, held for payment of valid claims at the Parties' agreement, with a mediator to resolve any disputes, for individuals who make late claims or disputed claims or may come forward during the notice process and claim to have been improperly excluded from the class. All unused reserve amounts to be reallocated to Participating Class Members after Final Approval and prior to distributions to Participating Class Members.

u.      "Service Award" means that portion of the Maximum Gross Settlement Amount (up to a total of no more than Twenty Thousand Dollars ($20,000.00) to be paid to Plaintiff for his efforts in bringing and prosecuting this matter on behalf of Settlement Class Members and for his broader release of claims in favor of Defendant, as approved by the Court.

v.      "Settlement Administrator" means, CPT Group, an agreed upon settlement administrator who was subject to an RFP process. The Settlement Administrator has agreed to perform all services required by the Agreement for the amount not to exceed $19,000, subject to Court approval.

w.      "Settlement Award" means the payment that each Participating Class Member shall be entitled to receive pursuant to the terms of this Agreement. Participating Class Members will not be required to submit a claim form in order to receive a Settlement Award.

x.      "Settlement Class" or "Settlement Class Members" means all current or former hourly employees who were provided by Strom as a replacement labor force and who performed work at any ATI facility in Pennsylvania (Bagdad, Brackenridge, Latrobe, Midland, Natrona Heights, Vandergrift and/or Washington) during the August 15, 2015 to March 4, 2016 lockout and labor dispute between ATI and the USW. There are a total of 994 Settlement Class Members.

y.      "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class, substantially in the form as **Exhibit A** attached hereto or as approved by the Court.

## RELEASES

19.   **Participating Class Members' Released Claims**. Upon the Effective Date of the Settlement Agreement, all Participating Class Members shall release and discharge all Released Parties from of all known and unknown claims and, demands, and causes of action that were asserted in the lawsuit based on the facts of the Complaint for overtime compensation, straight time, and minimum wages), liquidated damages, penalties, interest, fees/costs, and any other relief otherwise available under the PMWA; any and all claims, demands, and causes of action seeking

DocuSign Envelope ID: 07206972-95D3-413C-A7C0-BB6C74184420

relief otherwise available under the PMWA; any and all claims, demands, and causes of action that could have been asserted in the lawsuit based upon the facts alleged in the operative complaint, including any and all state/local laws and regulations and common law theories under Pennsylvania law, including wage payment/deduction and notice claims such as under the PWPCL between August 15, 2015 and March 4, 2016.

20. **Plaintiff's General Release of Claims.** In exchange for the Service Award, and in addition to the Released Claims as applicable in Paragraph 16 and upon the Effective Date of the Settlement Agreement, Plaintiff agrees to release and discharge Defendant and all other Released Parties finally, forever and with prejudice, from any and all causes of action, claims, rights, damages of any nature, penalties, liabilities, expenses, losses, and issues of any kind or nature whatsoever, whether known or unknown, that Plaintiff has or may have against Strom and the Released Parties that arose prior to the date on which he executed this Agreement ("General Release"). This General Release includes without limitation any claims that were or could have been asserted in the Complaint, based on the facts alleged, for alleged violations of the PMWA, as well as any claims for unpaid wages, overtime compensation, liquidated or other damages, retaliation, compensatory damages, unpaid costs, restitution or other compensation or relief arising under applicable wage and hour laws, as well as any claims, whether in law or equity, known or unknown, against Released Parties relating to Plaintiff's employment (or alleged employment or joint employment) or termination of employment, including but not limited to claims arising under the Americans with Disabilities Act, National Labor Relations Act, Equal Pay Act, Employee Retirement Income Security Act of 1974, the Worker Adjustment and Retraining Notification Act and its state counterparts, Title VII of the Civil Rights Act of 1964, the Vocational Rehabilitation Act of 1973, the Civil Rights Act of 1866, 1871, and 1991, including Section 1981 of the Civil Rights Act, the Family and Medical Leave Act, Coronavirus Aid, Relief, and Economic Security Act, the Pennsylvania Human Relations Act, including age and sexual harassment claims, the Pennsylvania Equal Pay Law, the Pennsylvania Whistleblower Law, and/or any other federal, state, or local law, statute, regulation, constitution, ordinance, and/or public policy, contract, or tort law, or any claim of retaliation under such laws, or any claim of breach of any contract (whether express, oral, written, or implied from any source), or any claim of unjust enrichment, intentional or negligent infliction of emotional distress ("Released Claims").

Plaintiff acknowledges that he may have claims that are presently unknown based on actions that took place prior to the date he executes this Agreement and that the release of Plaintiff's Released Claims contained in this Settlement Agreement is intended to and will fully, finally, and forever discharge all claims against Defendant and the other Released Parties, whether now asserted or not asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, which if known, might have affected his decision to enter this release. Plaintiff agrees that, although he may discover facts in addition to or different from those that are currently known or believed to be true with respect to Plaintiff's Released Claims, it is his intention to fully, finally, and forever settle and release any and all Plaintiff's Released Claims, without regard to the subsequent discovery or existence of such additional or different facts.

21. Plaintiff and Participating Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Released Parties, based on claims released by them in this Settlement, including as a class member.

DocuSign Envelope ID: 07206972-95D3-413C-A7C0-BB6C74184420

Notwithstanding this and the foregoing Paragraphs 19 and 20, Plaintiff and the Participating Class members do not release or waive: (i) claims arising under the Age Discrimination in Employment Act; (ii) any claim they could make for unemployment compensation or workers' compensation benefits; or (iii) any claim or right that cannot be waived as a matter of law pursuant to this Agreement and/or the Approval Order. Additionally, nothing prohibits Plaintiff or the Participating Class members from (1) filing a claim or charge with a federal, state or local administrative agency; (2) reporting, communicating directly with or providing information, including documents, not otherwise protected from disclosure by any applicable law or privilege, to the National Labor Relations Board ("NLRB"), Securities and Exchange Commission ("SEC"), the Occupational Safety and Health Administration ("OSHA"), the Equal Employment Opportunity Commission ("EEOC"), or any other federal, state or local governmental agency or commission regarding possible legal violations, without disclosure to the Defendant, subject to the condition that once this Agreement becomes effective, Plaintiff and the Participating Class members may not receive a monetary award in connection with any such charge or complaint that is filed on Plaintiff's or the Participating Class members' behalf with the EEOC or state or local fair employment agency; or (3) testifying through service of a subpoena or other process.

22.     Plaintiff affirms that he has not filed any other charges, complaints, lawsuits, claims, or actions to pursue any Released Claims against Defendant or any of the Released Parties, except as expressly disclosed in this Agreement. In the event there is outstanding any such charge, complaint, lawsuit, claim or action, Plaintiff agrees to execute such papers or documents as may be necessary to have it withdrawn and dismissed with prejudice.

## NOTICE AND SETTLEMENT IMPLEMENTATION

23.     The Parties agree to the following procedures for obtaining Preliminary and Final Approval of the Settlement and notifying the Settlement Class of this Settlement:

a.      **Request for Preliminary Approval Order.** Plaintiff shall prepare and file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Plaintiff's motion for Final Approval of the Settlement; and set a date for the Final Approval Hearing. Plaintiff shall provide Defendant with a draft of the Unopposed Motion for Preliminary Approval of Settlement Agreement and a period of at least ten (10) days to review and comment on it prior to filing. The motion shall be subject to the prior review and approval of Defendant's Counsel.

b.      **Notice.** The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to Plaintiff and all Settlement Class Members.

c.      Within fifteen (15) business days after the Court's Preliminary Approval of the Settlement, Defendant shall provide to the Settlement Administrator an electronic list containing the (i) names; (ii) last known addresses; (iii) last known telephone numbers (if any); (iv) last known email addresses (if any and to the extent reasonably accessible to Strom); (v) social security numbers or tax ID numbers; (vi) total number of workweeks when each Settlement Class

DocuSign Envelope ID: 07206972-9EB3-4136-A7C0-B35C74184439

Member worked for Strom in Pennsylvania between August 15, 2015 and March 4, 2016 ("Class List"). Defendant will within fifteen (15) business days after the Court's Preliminary Approval of the Settlement provide Class Counsel with an electronic list containing items (i) and (vi) of the Class List. Class Counsel agrees to use the list of Settlement Class Member names only for purposes of responding to inquiries from Settlement Class Members about this settlement or assisting the Settlement Administrator with administration of this settlement. Class Counsel will not use the list to affirmatively reach out to or solicit Settlement Class Members as clients.

d.      At least five (5) business days prior to mailing the Notice, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with estimated minimum settlement shares for each Settlement Class Member, assuming 100% participation in the Settlement, and utilizing the procedure outlined in Paragraph 35 below.

e.      In order to provide the best notice practicable, prior to mailing the Settlement Notice, the Settlement Administrator will make reasonable efforts to identify current addresses via public and proprietary systems. Prior to sending the Notice, the Settlement Administrator shall use the National Change of Address Database to update any addresses and shall provide a copy of any updated addresses to the Parties.

f.      **Initial Mailing**. Within no later than fifteen (15) business days after receiving the Class List, the Settlement Administrator shall mail the Settlement Notice to Plaintiff and Settlement Class Members by U.S. First Class Mail and by email. The Settlement Administrator shall notify Class Counsel and Defendant's Counsel when the Settlement Notice has been mailed.

g.      Any Notices returned as undeliverable shall, within three (3) business days, be skip-traced (using the person's social security number) to attempt to obtain a new address and shall be re-mailed by U.S. First Class Mail to any new addresses that are found.

h.      Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator to the address indicated within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address and shall promptly re-mail the Settlement Notice to any newly found addresses. In no circumstance shall such re-mailing extend the Notice Deadline.

i.      Defendant will not take any adverse action against any person on the grounds that he/she is eligible to participate or does participate in the Settlement. The Parties also will not discourage participation in this Settlement or encourage objections or opt-outs. Nothing in this Agreement shall be construed to restrict Defendant's freedom to communicate in the ordinary course of business with its employees, including Settlement Class Members.

24.      **Objections**. Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, submit to the Settlement Administrator a signed written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the

DocuSign Envelope ID: 07206972-9EB3-4136-A7C0-B35634184439

objector and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, whether the objector intends to appear at the Final Approval Hearing, the grounds on which the objector desires to appear and be heard (if any) at the Final Approval Hearing, if the objector is represented by counsel, and the name and address of the objector's counsel (if any). The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not requested to be excluded from the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline, and the Settlement Class Member has not requested to be excluded from the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to the Settlement Administrator. If postmark dates differ, the earlier of the two postmark dates will control. Persons who fail to return timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and they shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the Settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement, or discourage participation in the Settlement claims process. An objection may be withdrawn by sending written notice of withdrawal to the Settlement Administrator. The Settlement Administrator shall deliver copies of each objection and withdrawal to Class Counsel and Defense Counsel not later than five (5) business days after receipt thereof. Class Counsel shall, within fifteen (15) business days of the end of the Notice Period, file with the Court copies of all objections received.

25. **Requests for Exclusion**. Settlement Class Members, other than Plaintiff, who do not wish to become a Participating Settlement Class member may request exclusion from the Settlement ("opt out") by mailing a written request for exclusion to the Settlement Administrator. To be effective, the written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, address, email address (if applicable), the Settlement Class Member's individual signature, and an unequivocal statement that the individual requests to be excluded from the settlement. A request for exclusion may be withdrawn by sending written notice of withdrawal of a request for exclusion to the Settlement Administrator. No request for exclusion may be made on behalf of a group. Any request for exclusion must be postmarked by the Notice Deadline. The Settlement Administrator shall deliver copies of each request for exclusion and withdrawal of a request to Class Counsel and Defendant's Counsel not later than five (5) business days after receipt thereof. Class Counsel shall, within fifteen (15) business days of the end of the Notice Period, file with the Court copies of all requests for exclusion received.

If a Settling Class member requests to be excluded from the settlement, the individual will not be (a) entitled to any payment from this settlement; (b) entitled to object to the settlement or appeal from any orders entered in the lawsuit relating to the settlement; and (c) bound by the settlement agreement, including the release of claims set forth in the agreement.

26. **Conflicting Submissions**. If the Settlement Administrator receives a timely request for exclusion from a Settlement Class Member who has objected to the Settlement, the document

submitted later in time shall control. If seven and a half percent (7.5%) or more of the Settlement Class Members request exclusion during the Notice Period, Defendant may in its sole discretion elect to void this Agreement by providing written notice to Class Counsel and to the Court within fourteen (14) days after receiving notice that the above-referenced percentage threshold has been met or exceeded. In the event Defendant elects to void the Agreement, the Agreement shall be terminated and shall have no force or effect, and the Parties shall not request entry of the Final Approval Order. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to request exclusion from the Settlement.

27. **Weekly and Final Claim Reports**. On a weekly basis, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with an accounting of the number of Notices mailed, returned as undeliverable, and re-mailed; the number of requests for exclusion received; and any other pertinent information. Additionally, within five (5) business days after the Notice Deadline, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel notice of the total number of Settlement Class Members who filed timely and valid requests for exclusion from the Settlement, along with the complete copies of all requests for exclusion, including their postmark date. The Settlement Administrator shall work with Class Counsel to provide a declaration for filing with the Final Approval papers.

28. **Final Approval Hearing.** Plaintiff will file with the Court, in accordance with the schedule to be established in the Preliminary Approval Order, and not later than fourteen (14) calendar days before the Final Approval Hearing, an unopposed motion for entry of the Final Approval Order, seeking approval of the settlement as fair, reasonable and adequate, including approval of the Fees and Costs Payment and the Service Award. The motion shall be prepared by Class Counsel and subject to the prior review and approval of Defendant's Counsel. Defendant will not oppose this motion to the extent it conforms to the terms of this Agreement. In seeking final approval of this Agreement, Plaintiffs will request that the Court issue a Final Approval Order in all material respects identical to **Exhibit C**.

## SETTLEMENT FUNDS AND AWARD CALCULATION

29. **Maximum Gross Settlement Amount**.

a. **Notice of Settlement Funds**. No later than seven (7) days following the Effective Date, the Settlement Administrator shall provide a report to Class Counsel and Defendant's Counsel stating the total amount of funds required to satisfy all payment obligations pursuant to this Agreement, allocation of those funds, wire instructions, and any other information required to facilitate the transfer of funds necessary to satisfy all payment obligations pursuant to this Agreement.

b. **Deposit**. Within twenty (20) days after the Effective Date and the Settlement Administrator has provided all necessary documentation and wire transfer instructions to Defendant for the settlement account, Defendant shall remit the Maximum Gross Settlement Amount to a qualified settlement fund ("QSF") set up by the Settlement Administrator. The Parties agree to the creation of a QSF and that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. §1.468B-1, 26 CFR § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such. There shall be no

reversion of any portion of the Maximum Gross Settlement Amount to Defendant at any time after the Effective Date.

        c.    **Disbursement of Settlement Funds**. Within the period(s) of time set forth below, the Settlement Administrator shall make the payments in accordance with the Agreement and the Final Approval Order. If a period is not set forth below, the Settlement Administrator shall make the payment within seven (7) days after the Settlement Administrator receives the payment from Defendants.

    30.   **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Maximum Gross Settlement Amount:

        a.    **Service Award to Plaintiff**. Subject to the Court's approval, Plaintiff Smith shall receive the Service Award for his efforts in bringing and prosecuting this matter, as well as in exchange for his broader release of claims. This payment shall be treated as non-wage income, for which a Form 1099 shall be issued. This settlement is not contingent on the Court's approval of this extra payment. If the Court awards Plaintiff less than the amount proposed herein as a Service Award, this shall not be a basis for voiding this Agreement; rather, the difference in the amount awarded shall be re-allocated to the Participating Class members.

        b.    **Fee and Cost Payment**.

        (i)    Subject to the Court's approval, Class Counsel shall be entitled to seek a attorneys' fees in an amount up to one-third (1/3) of the Maximum Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of their out-of-pocket costs approved by the Court. This settlement is not contingent on the Court's approval of the Fee and Cost Payment. If the Court awards Class Counsel less than the amount proposed herein as a Fee and Cost Payment, this shall not be a basis for voiding this Agreement; rather, the difference in the amount awarded shall be re-allocated to the Participating Class members. In advance of the Effective Date, Class Counsel will provide the Settlement Administrator with the tax-payer identification number(s) for Class Counsel, executed W-9 forms, and wire transfer or delivery instructions.

        (ii)    The attorneys' fees and costs paid on behalf of Defendant pursuant to this Agreement, out of the Maximum Gross Settlement Amount, shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Plaintiff and/or any Settlement Class Member, and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or any Settlement Class Member. The outcome of any proceeding the Court makes as to Class Counsel's request for attorneys' fees and costs shall not terminate this Agreement, and shall in no instance impact the total amount of the Maximum Gross Settlement Amount.

DocuSign Envelope ID: 07206972-9EB3-4136-A7C0-B55C84184439

(iii)    The Settlement Administrator shall issue a Form 1099 to Class Counsel for the Fee and Cost Payment. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.    **Settlement Awards to Participating Class Members**. Settlement Awards to Participating Class Members shall be calculated as set forth below. The Settlement Administrator will make the payments to Participating Settlement Class members by check delivered via U.S. First Class Mail. Strom, Defense Counsel, and Class Counsel will not be liable for any checks cashed by persons other than Participating Class Members.

31.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

### CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS TO PARTICIPATING CLASS MEMBERS

32.    **Settlement Award Eligibility**. All Participating Class Members shall be paid a Settlement Award without the need to submit a claim form. The Settlement Administrator shall be responsible for determining eligibility for, and the amount of, the Settlement Awards to be paid to Participating Class Members as set forth herein. The Parties agree that the calculation set forth below is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class members.

33.    **Settlement Awards to Settlement Class Members.** All Settlement Class Members who do not exclude themselves from the Settlement ("Participating Class Members") shall receive a Settlement Award calculated from the Net Settlement Amount:

a.    The amount of $50 per Participating Class Member will be deducted from the Net Settlement Amount prior to the determination of *pro rata* individual settlement shares and allocated to each Participating Settlement Class Member so that each Participating Settlement Class Member receives at least $50 in exchange for his or her release in this Settlement Agreement.

b.    In addition to the $50 payment set out in (a) above, Participating Class Members shall receive *a pro rata* portion of the Net Settlement Amount as follows:

i.    For each workweek during which the Participating Class Member worked one or more days between August 15, 2015 and March 4, 2016, the Participating Class Member shall receive one (1) settlement share.

ii.    The Net Settlement Amount will be divided by the total number of settlement shares for all Participating Settlement Class Members to reach a per share dollar figure. That figure will then be multiplied by each Participating Class Member's number of settlement shares

to determine the Participating Class Member's Settlement Award.

34.    In addition to other information contained on the Settlement Notice, the Settlement Notice shall state the estimated minimum payment the Settlement Class Member is expected to receive assuming full participation of all Settlement Class Members.

35.    All Settlement Award determinations shall be based on Defendant's data. If the Parties determine, based upon further review of available data, that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is in fact a Settlement Class Member but was not so included, the Settlement Administrator shall promptly notify the Parties of the need to make such addition or deletion as appropriate. In no case, however, will such changes impact the Maximum Gross Settlement Amount.

36.    Ninety percent (90%) of the Settlement Awards to Participating Class Members shall be considered wages subject to the withholding of all applicable local, state, and federal taxes. The Settlement Administrator shall make the required withholdings and shall issue an IRS Form W-2 to each Participating Class Member for these payments. The remaining ten percent (10%) of the Settlement Awards to Participating Class Members shall be considered interest and other non-wage recovery, which shall not be subject to withholdings or deductions. The Settlement Administrator shall issue an IRS Form 1099-MISC to each Participating Class Member for these payments.

37.    Participating Settlement Class members shall be solely responsible for the reporting and payment of any federal, state and/or local income or other taxes on payments received pursuant to this Agreement. All applicable income and any other taxes will be the responsibility of the individual Participating Settlement Class member. Class Counsel and Defendant's Counsel do not intend for this Settlement Agreement to constitute legal advice relating to the tax liability of any Participating Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not written or intended to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

38.    The Settlement Administrator shall provide to Defendant's Counsel and Class Counsel with a final report of all gross Settlement Awards at least ten (10) business days before the Settlement Awards to Participating Class Members are mailed. The Settlement Administrator shall calculate appropriate tax deductions prior to mailing the Settlement Awards.

39.    The Settlement Administrator shall mail all Settlement Awards to Participating Class Members within forty-five (45) days after the Effective Date or as soon as reasonably practicable after the deposit of the Maximum Gross Settlement Amount into the QSF. The Settlement Administrator shall then provide written certification of mailing to Class Counsel and Defendant's Counsel.

40.    All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance. The Settlement Administrator shall send a reminder letter via U.S. mail and email (to the extent email addresses are available) to those who

have not yet cashed their settlement check after 60 days, and the Settlement Administrator may call those (to the extent phone numbers are available) who have still not cashed their check to remind them to do so within the last 60 days of the check-cashing period. The Settlement Administrator and the Parties will work cooperatively to issue replacement checks as necessary.

41.     The Settlement Administrator will be responsible for (1) any tax reporting obligations to the necessary federal, state, and local tax authorities related to payments made to Class Counsel or Participating Class Members; and (2) issuing any IRS tax forms to Class Counsel or Participating Class Members at the end of the applicable tax year.

42.     **Remaining Monies**. Within twenty (20) days after the expiration of the check-cashing period, the Settlement Administrator shall stop payments on any checks issued to Participating Settlement Class members that have not been negotiated and shall notify counsel for all Parties the total amount of unclaimed funds. Any remaining funds shall be paid to the *cy pres* recipient agreed to by the Parties, Neighborhood Legal Services Association, which shall be submitted to the Court for approval at the Final Approval Hearing. Participating Class members shall be bound by the terms of this Agreement even if they fail to timely negotiate their checks.

43.     **Cooperation.** The Parties agree to cooperate with the Settlement Administrator and one another to the extent reasonably necessary to carry out the provisions of this Agreement. The Parties will require the Settlement Administrator to indemnify and hold harmless the Parties for and against any claims or liabilities resulting from errors or omissions in its administration of the QSF.

## MISCELLANEOUS

44.     **No Admission of Liability.** This Agreement is the result of a compromise of disputed claims between the Parties. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Released Parties of any fault or liability or wrongdoing.

45.     **No Additional Contributions or Benefits.** Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, any bonus, pension, any 401(k) and/or other retirement plans or similar programs of any of the Released Parties.

46.     **No Impact On Other Agreements**. By reaching this Settlement, Strom does not waive its right to enforce any otherwise enforceable arbitration agreement(s) (including but not limited to any applicable, class, collective and/or representative waiver) with Plaintiff and any Settlement Class Member or anyone else, and this Agreement and the settlement of this action may not be used as evidence of and shall not constitute waiver in any other proceeding of any applicable arbitration agreement(s).

47.     **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

DocuSign Envelope ID: 07206972-9FB3-413C-A7C0-B85C74184439

48. **Nullification of the Settlement Agreement**. In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then any Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions as existed on the day before this Agreement was executed, and that this Agreement shall not be used in evidence or argument in any other aspect in the Action.

49. Class Counsel agrees not to issue a press release or post information about this Agreement on their law firm websites or on social media accounts.

50. **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence in this or any other proceeding, for any purpose adverse to any of the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

51. **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday, such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

52. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

53. **Amendment or Modification.** Prior to the Preliminary Approval Order by the Court, this Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. Following the Preliminary Approval Order by the Court, this Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest and must be approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto and approved by the Court.

54. **Entire Settlement Agreement.** This Agreement with exhibits hereto constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral are expressly superseded hereby and are of no further force

DocuSign Envelope ID: 07206972-9EB3-4136-A7C9-B5C674184439

and effect. Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

55.     **Authorization to Enter Into Settlement Agreement.** All Parties have been represented by counsel throughout all negotiations which preceded the execution of this Agreement. This Agreement is made with the consent and advice of counsel. Plaintiff and Class Counsel represent that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial to and in the best interest of the Settlement Class members. Plaintiff and Class Counsel represent that they are fully authorized to enter into this Agreement and to bind Plaintiff and the Settlement Class Members to the terms and conditions thereof. The signatories to this Agreement warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Judge Lenihan, to resolve such disagreement.

56.     **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiff, Defendant, the Participating Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any Released Claim, liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

57.     **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement and photocopies thereof (including copies transmitted by facsimile, email, or other electronic means) shall have the same force and effect and shall be as legally binding and enforceable as the original.

58.     **Severability.** Should any provision of this Agreement be declared wholly or partially illegal, invalid, or unenforceable, the offending provision shall be stricken, and all remaining provisions shall remain in full force and effect and shall be unaffected by such declaration.

59.     **No Signature Required by Settlement Class Members.** Only Plaintiff, Defendant, and the respective counsel of each of them will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and such shall have the same force and effect as if this Settlement Agreement were executed by each Settlement Class Member.

60.     **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

61.     **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by, interpreted, and enforced according to Pennsylvania law, both in its procedural and substantive aspects, and shall be subject to the continuing exclusive jurisdiction of the Court.

62.     **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose. The applicable Participating Class Members' claims released by the provisions of this Settlement shall be dismissed with prejudice upon Final Approval.

63.     **Destruction of Litigation Documents.** The Parties recognize and agree that they did not submit, and the Court did not order a confidentiality or protective order in this matter. As part of this Settlement, however, the Parties agree that, within twenty (20) days after the conclusion of the check cash period, Class Counsel shall certify in writing that they have taken best efforts to destroy or do not otherwise retain any documents produced in this matter by Strom where Strom included the word "confidential" on the document as part of production, except that counsel shall be entitled to retain all information and materials which constitute work product, as well as documents filed publicly on the docket in this Action, and/or documents that were used as deposition exhibits.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK]

DocuSign Envelope ID: 07206972-9EB3-413C-A7C0-FB5C34184439

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties hereby execute this Settlement Agreement as follows:

**PLAINTIFF:**

*Ralph Smith*
7DA557C0F7C94E5...
Ralph Smith

Date:  September 6 , 2023

**DEFENDANT:**

*Timothy Lund*
37D824AD8405401...
Strom Engineering Corporation

Date: 09/14 , 2023

**APPROVED AS TO FORM BY CLASS COUNSEL:**

02802AD7A2524D2...
Sarah R. Schalman-Bergen
Krysten Connon
LICHTEN & LISS RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Date: September 6, 2023

*Michaela Wallin*
C91AD097B77246F...
Michaela Wallin
BERGER MONTAGUE PC
1818 Market Street, Suite #3600
Philadelphia, PA 19103

Date: September 6, 2023

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

Ted Schroeder
Joshua Vaughn
Katelyn McCombs
Taylor Brailey
LITTLER MENDELSON, P.C.
EQT Plaza
625 Liberty Avenue, 26th FL
Pittsburgh, PA 15222

Date: September 15, 2023

19

# EXHIBIT A
# (Notice of Class Action Settlement)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH SMITH, individually and on behalf of all others similarly situated,** | **CIVIL ACTION NO.: 2:19-cv-00147-MRH-RCM** |
| **Plaintiff,** | |
| **v.** | |
| **STROM ENGINEERING CORPORATION,** | |
| **Defendant.** | |

### NOTICE OF CLASS ACTION SETTLEMENT AND FINAL APPROVAL HEARING

TO:     NAME
        ADDRESS
        ADDRESS

*The Court authorized this Notice of Class Action Settlement.*
*This is not a solicitation. This is not a lawsuit against you, and you are not being sued.*

### PLEASE READ THIS NOTICE CAREFULLY.

| 1. | **Why Should You Read This Notice?** |
|---|---|

This Notice explains your right to receive money from this Settlement, exclude yourself ("opt out") from the Settlement, or object to the Settlement (if applicable). The United States District Court for the Western District of Pennsylvania has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 202__ at _____, before the Honorable Mark R. Hornak in Courtroom 6A of the Joseph F. Weis, Jr. Courthouse, 700 Grant Street, Pittsburgh, PA 15219.

You received this Notice of Settlement ("Notice") because the records of Strom Engineering Corporation show you performed work as an employee of Strom to work as a replacement labor force and who performed work at any ATI facility in Pennsylvania (Bagdad, Brackenridge, Latrobe, Midland, Natrona Heights, Vandergrift and/or Washington) during the August 15, 2015 to March 4, 2016 lockout and labor dispute between ATI and the USW ("Settlement Class Members").

The parties to the lawsuit agreed to a binding settlement of this action, and you may be entitled to receive money from this settlement.

DocuSign Envelope ID: 07206972-9EB3-413C-A7C0-B55634184439

| **2.** | **What is this Lawsuit About?** |
|---|---|

The named Plaintiff in this lawsuit is Ralph Smith. Smith worked for Strom during the ATI lockout and labor dispute between August 15, 2015 and March 4, 2016. Smith claims that he and the other members of the Class, including you, were not paid for time spent traveling to and from and crossing the picket lines. Plaintiff claims that failing to pay for all of this time is a violation of Pennsylvania law.

The primary issue in this case is whether the time spent traveling to and from and across the picket lines can be considered "hours worked" under the Pennsylvania Minimum Wage Act. The Pennsylvania Minimum Wage Act requires that "[e]very employer shall pay . . . each of his or her employe[es] wages for all hours worked." The term "hours worked" includes "time spent in traveling as part of the duties of the employee during normal working hours."

Strom denies Plaintiff's claims and that it violated Pennsylvania law. Strom asserts that it was not required to pay Plaintiff and other Class members for time spent traveling to and from and crossing the picket lines (which it views as ordinary commuting time), because travel time was not part of the duties of the employees who worked at the ATI facilities in Pennsylvania and did not occur during normal working hours for these employees.

On February 22, 2023, the Court certified the Class. After that time, the Parties participated in a mediation with the assistance of a Magistrate Judge in the District Court. As a result of that mediation, the Parties have agreed to this settlement, instead of continuing to trial.

| **3.** | **What Are the Terms of the Settlement?** |
|---|---|

Under the terms of the Settlement Agreement, Strom has agreed to pay Four Million Dollars ($4,000,000.00) (the "Maximum Gross Settlement Amount"). This amount is "non-reversionary," meaning no portion of the funds will be returned to Strom.

The Maximum Gross Settlement Amount includes amounts to cover (i) a $20,000 Reserve Fund for late claims or disputes; (ii) a Service Award to the Plaintiff Smith in the amount of up to $20,000 in exchange for his service to the class and in addition for his broader release of claims; (iii) the Fee and Cost Payment to Class Counsel, not to exceed $1,333,333.33 (i.e., one-third of the Maximum Gross Settlement Amount) plus costs not to exceed $100,000; (iv) Settlement Administration costs in the amount not to exceed $19,000; and (v) Settlement Awards to Settlement Class Members. After deductions of amounts for payments in (i) – (iv) above, what remains of the Maximum Gross Settlement Amount shall be divided into monetary Settlement Awards to the Settlement Class Members calculated under the formula provided below.

***Under the terms of the proposed settlement, you do not need to do anything to receive a settlement award under the terms of the settlement, and a check will be sent to you if the Court grants final approval to the settlement unless you choose to exclude yourself from the settlement as described below.***

| **4.** | **How Much Can I Expect to Receive if the Settlement is Approved?** |

Your Settlement Award is calculated based on the records submitted by Defendant. Specifically, the settlement payments are calculated as follows:

The amount of $50 is allocated to each Settlement Class Member, so every person receives at least $50 in exchange for his/her release in this Settlement Agreement. In addition to the $50 payment, each Settlement Class Member will receive *a pro rata* portion of the applicable Net Settlement Amount, calculated as follows:

> i. For each workweek during which the Participating Class Member worked one or more days between August 15, 2015 and March 4, 2016, the Participating Class Member shall receive one (1) settlement share.

> ii. The Net Settlement Amount will be divided by the total number of settlement shares for all Participating Settlement Class Members to reach a per share dollar figure. That figure will then be multiplied by each Participating Class Member's number of settlement shares to determine the Participating Class Member's Settlement Award.

Your total estimated settlement payment will be based on ___ number of workweeks for the time period between August 15, 2015 and March 4, 2016, as shown in Defendant's records. Based on the formula above, your minimum estimated Settlement Award would be _____. ***This amount is an estimate, and your final award may be different than this amount.***

If you have questions about the number of eligible workweeks used to calculate your Settlement Award, you may contact the Settlement Administrator at the contact information below and must submit any disputes by **[DATE].**

Ninety percent (90%) of your Settlement Award represents back wages, and 10% represents interest and other non-wage payments. The Settlement Administrator will issue you an IRS Form W-2 for 90% of your payment and an IRS Form 1099 for the other 10% of your payment. Neither the Settlement Administrator nor the Parties can provide you with any tax advice. You should contact your accountant or tax related advisors for any questions about taxes you may owe on these amounts.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| **5.** | **What are the Releases?** |

If the Court grants final approval of the Settlement, the lawsuit will be dismissed with prejudice against Defendants, and, upon the Effective Date, all Settlement Class Members who have not opted out of the Settlement will release Defendant and all Released Parties from all known and unknown claims and, demands, and causes of action that were asserted in the lawsuit based on the

DocuSign Envelope ID: 07206972-9EB3-4136-A7C0-B35C24184439

facts of the Complaint for overtime compensation, straight time, and minimum wages), liquidated damages, penalties, interest, fees/costs, and any other relief otherwise available under the PMWA; any and all claims, demands, and causes of action seeking relief otherwise available under the PMWA; any and all claims, demands, and causes of action that could have been asserted in the lawsuit based upon the facts alleged in the operative complaint, including any and all state/local laws and regulations and common law theories under Pennsylvania law, including wage payment/deduction and notice claims such as under the PWPCL between August 15, 2015 and March 4, 2016. The full text of the Releases is contained in the Settlement Agreement and may be obtained from [Settlement Administrator contact info].

| 6. | **What Are My Rights and Options?** |
|---|---|

- **Do Nothing**: If you do nothing and the Court grants final approval to the Settlement, you will receive a Settlement Award. If you do nothing and the Court grants final approval to the Settlement, you also will release any Released Claims.

- **Request for Exclusion/Opt-Out**: If you are a member of the Settlement Class and do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable), must be signed individually by you, and must unequivocally state that you request to be excluded from the settlement. A request for exclusion may be withdrawn by sending written notice of withdrawal of a request for exclusion to the Settlement Administrator. No opt-out request may be made on behalf of a group. A request for exclusion must be sent by mail to the Settlement Administrator, at [INSERT ADDRESS]. Class Counsel will ensure that all exclusion letters are timely filed with the Court. You cannot exclude yourself by phone or by e-mail. **Any person who requests exclusion (opts out) of the Settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon**.

**Object**: If you are a member of the Settlement Class and wish to object to the Settlement, you must submit a signed written statement objecting to the Settlement. The statement must state the factual and legal grounds for your objection to the Settlement. Your objection must state your full name, address, telephone number, and email address (if applicable), whether you intend to appear at the Final Approval Hearing, the grounds on which you desires to appear and be heard (if any) at the Final Approval Hearing, if you are represented by counsel, and the name and address of your counsel (if any). Any objection must be sent by mail to the Settlement Administrator, at [INSERT ADDRESS]If you submit a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, the grounds on which you desire to appear and be heard (if any) at the Final Approval Hearing, whether you are represented by counsel, and the name and address of your counsel (if any). To be heard at the Final Approval Hearing you must also not have requested to be excluded from the Settlement. Class Counsel will ensure that all objection letters are timely filed with the Court. You cannot object by phone or by e-mail. If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and

DocuSign Envelope ID: 07206972-9EB3-413B-A7C0-B85671184439

shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The postmark date of mailing the objection to Class Counsel and Defendant's counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Objections shall only be considered if the Settlement Class Member has not opted out of the Settlement.

| 7. | Can Defendant Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Strom or future work or employment with Strom. It is unlawful for Strom to take any adverse action against you as a result of your participation in this Lawsuit.

| 8. | Who Are The Attorneys Representing Plaintiff And The Settlement Class? |
|---|---|

Plaintiff and the Settlement Class are represented by the following attorneys:

Sarah Schalman-Bergen
Krysten Connon
**Lichten & Liss-Riordan, P.C.**
729 Boylston St., Suite 2000
Boston, MA 02116
(267) 256-9973
(617) 994-5801 (fax)
www.llrlaw.com

Michaela Wallin
**Berger Montague PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3033
www.bergermontague.com

| 9. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Class Counsel will be paid from the Maximum Gross Settlement Amount. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of up to one-third (1/3) of the Maximum Gross Settlement Amount plus their out-of-pocket costs, not to exceed $100,000. Class Counsel will file a motion requesting approval for this amount with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 10. | Who May I Contact If I Have Further Questions? |
|---|---|

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at the telephone number or email address listed below or Class Counsel listed above. Please refer to the Strom Picket Line Settlement.



[INSERT]
[INSERT]
[INSERT]

You may also inspect the Court files at the Office of the Clerk, United States District Court for the Western District of Pennsylvania, during regular business hours (typically 8:30 a.m. to 4:30

DocuSign Envelope ID: 07206972-9EB3-413C-A7C0-B85C74184439

p.m., Monday through Friday), or through the Court's Public Access to Court Electronic Records (PACER) online service.

This Notice is only a summary. For more detailed information, you may review the Settlement Agreement, containing the complete terms of the proposed Settlement, which is available through the Settlement Administrator and publicly accessible and on file with the Court.

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR TO STROM FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

# EXHIBIT B
# (Proposed Preliminary Approval Order)

DocuSign Envelope ID: 07206972-9EB3-413C-A7C2-B5C634184439

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RALPH SMITH, individually and on behalf of all others similarly situated,** | **CIVIL ACTION NO.: 2:19-cv-00147-MRH-RCM** |
| **Plaintiff,** | |
| **v.** | |
| **STROM ENGINEERING CORPORATION,** | |
| **Defendant.** | |

## ORDER GRANTING PRELIMINARY APPROVAL OF
## RULE 23 CLASS ACTION SETTLEMENT

**AND NOW**, this _____ day of _____, 2023, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement ("Motion"), the accompanying Class Action Settlement Agreement ("Settlement Agreement"), the accompanying Notice of Class Action Settlement and Final Approval Hearing ("Notice"), which is attached to the Settlement Agreement as Exhibit A, the accompanying memorandum of law, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.      The terms used in this Order shall have the same meaning as they are defined in the Settlement Agreement.

2.      The proposed settlement set forth in the Settlement Agreement appears, upon preliminary review, to be fair, reasonable and adequate. The proposed settlement is **PRELIMINARILY APPROVED,** subject to further submissions and further findings at the Final Approval Hearing.

3.      The Court previously granted class certification in this Action and found that the

Settlement Class, as that term is defined in the Settlement Agreement between the Parties, met the

requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* Dkt. 116. For purposes of

allowing Notice to be sent to the Settlement Class, the Court authorizes the issuance of Notice to

the following Settlement Class:

> All current or former hourly employees who were provided by Strom as a
> replacement labor force and who performed work at any ATI facility in
> Pennsylvania (Bagdad, Brackenridge, Latrobe, Midland, Natrona Heights,
> Vandergrift and/or Washington) during the August 15, 2015 to March 4, 2016
> lockout and labor dispute between ATI and the USW.

4.      The Court previously appointed Plaintiff Ralph Smith as the Class Representative.

Dkt. 116. The Court hereby preliminary appoints Plaintiff Ralph Smith as the Class Representative

of the Settlement Class defined in paragraph 3.

5.      The Court previously appointed Sarah R. Schalman-Bergen of Lichten & Liss-

Riordan, P.C. as Class Counsel. Dkt. 116. The Court hereby preliminary appoints both Sarah R.

Schalman-Bergen of Lichten & Liss-Riordan, P.C. and Michaela L. Wallin of Berger Montague

PC as Class Counsel for the Settlement Class.

6.      _____ is approved as the Settlement Administrator to perform the notice

and administrative services described in the Settlement Agreement.

7.      A Final Approval Hearing will be held on _____, 202__ at

___:___ __.m. to consider whether to grant final approval of the Settlement in accordance with

Rule 23(e) of the Federal Rules of Civil Procedure.

8.      Plaintiff will file his Motion for Final Approval by no later than fourteen days prior

to the Final Approval Hearing, unless otherwise ordered by the Court.

DocuSign Envelope ID: 07206972-9EB3-4136-A7C0-B85C24184432

9.      The Notice, attached as Exhibit A to the Settlement Agreement, is approved as to form and content and shall be distributed to Settlement Class Members in the manner described in the Settlement Agreement.

10.      Any Settlement Class Member may request to opt-out and be excluded from the Settlement Class and this Settlement by submitting a signed request for exclusion in writing to the Settlement Administrator. To be effective, the written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, address, email address (if applicable), the Settlement Class Member's individual signature, and an unequivocal statement that the individual requests to be excluded from the settlement. Any request for exclusion must be postmarked by the Notice Deadline. An Opt-Out may choose to withdraw their written election at any point during the Notice Period. If a Settling Class Member requests to be excluded from the settlement, the individual will not be (a) entitled to any payment from this settlement; (b) entitled to object to the settlement or appeal from any orders entered in the lawsuit relating to the settlement; and (c) bound by the settlement agreement, including the release of claims set forth in the agreement.

11.      Any objection to the Settlement must be in writing and received by the Settlement Administrator during the Notice Period (i.e., within 45 days following the date the Notice is sent to the Settlement Class Members). To be effective, an objection must be signed personally by the objector and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, whether the objector intends to appear at the Final Approval Hearing, the grounds on which the objector desires to appear and be heard (if any) at the Final Approval Hearing, if the objector is represented by counsel, and the name and address of the objector's counsel (if any). An objection may be withdrawn by sending written

notice of withdrawal to the Settlement Administrator. Any Settlement Class Member who requests exclusion from the class may not submit objections to the settlement. The Parties may file with the Court written responses to any filed objections or may alternatively address the objections at the Final Approval Hearing.

12.     It is understood that the Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Persons, of any fault or wrongdoing whatsoever.

13.     This Preliminary Approval Order will be null and void and of no force or effect, if the Settlement Agreement is not finally approved by the Court or if the Settlement Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

        **So ORDERED.**


                                          _____
                                          **Mark R. Hornak**
                                          **Chief United States District Judge**

DocuSign Envelope ID: 07206972-9EB3-413C-A7C0-BB5C74184439

# EXHIBIT C
# (Proposed Final Approval Order)

DocuSign Envelope ID: 07206972-9EB3-4136-A7C9-B55C74184439

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RALPH SMITH, individually and on behalf of all others similarly situated,** | **CIVIL ACTION NO.: 2:19-cv-00147-MRH-RCM** |
| **Plaintiff,** | |
| **v.** | |
| **STROM ENGINEERING CORPORATION,** | |
| **Defendant.** | |

## ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT

**AND NOW**, this _____ day of _____, 202__, upon consideration of Plaintiff's Unopposed Motion for Final Approval of a Rule 23 Class Action Settlement (the "Motion") and accompanying brief and Settlement Agreement ("Settlement Agreement"), the representations of all counsel during the _____ Final Approval Hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1.  The Court has jurisdiction over the claims asserted in the Action and over the Parties to the Action.

2.  The Court preliminarily approved the Settlement Agreement that is the subject of this Motion by order entered on _____ (the "Preliminary Approval Order"). Dkt. _____. A copy of the Settlement Agreement was attached as an exhibit to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement.

3. The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Settlement Agreement, the Final Approval Hearing, and the Settlement Class Members' right to exclude themselves from or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4. _____[#]_____ Settlement Class Members have validly excluded themselves from the settlement, and ____[#]____ individuals have objected to the settlement. Those objections have been considered and overruled.

5. On _____, the Court conducted a Final Approval Hearing to consider final approval of the Settlement Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

6. The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record. The Court approves the Settlement Agreement, including its release of claims, and finds that it:

   a. is fair, just, reasonable and adequate to, and in the best interest of, the Named Plaintiff and the Settlement Class Members;

   b. demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future;

   c. achieves a definite and certain result for the benefit of the Plaintiff and the Settlement Class Members that is preferable to continuing litigation that would

necessarily include substantial risk (including the risk of loss on the merits), uncertainty, delay, and cost;

7.      The Court finds that the Settlement Award calculation set forth in the Settlement Agreement is approved as a fair, equitable, and as reflecting a reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Settlement Agreement is hereby approved in accordance with Rule 23 of the Federal Rules of Civil Procedure, and it shall be administrated in accordance with its terms.

8.      The Court previously granted class certification in this Action and found that the Settlement Class, as that term is defined in the Settlement Agreement between the Parties, met the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* Dkt. 116. Accordingly, the Court confirms the certification of the Settlement Class consisting of the following:

> All current or former hourly employees who were provided by Strom as a replacement labor force and who performed work at any ATI facility in Pennsylvania (Bagdad, Brackenridge, Latrobe, Midland, Natrona Heights, Vandergrift and/or Washington) during the August 15, 2015 to March 4, 2016 lockout and labor dispute between ATI and the USW.

9.      The Parties agree there are a total of 994 Settlement Class Members.

10.     The Court previously appointed Plaintiff Ralph Smith as the Class Representative. Dkt. 116. The Court confirms its appointment of Named Plaintiff Ralph Smith, as the Class Representative of the Settlement Class.

11.     The Court appoints both Sarah R. Schalman-Bergen of Lichten & Liss-Riordan, P.C. and Michaela L. Wallin of Berger Montague PC as Class Counsel for the Settlement Class.

12.     Class Counsel's request for attorney's fees in the amount of _____, and costs not to exceed $_____ are approved, to be paid out of the Maximum Gross Settlement Amount.

13.     The Court approves a Service Award to the Named Plaintiff in the amount of $_____$, in recognition of his services as representative of the Settlement Class and in addition as exchange for his broader release of claims to Defendant than the members of the Settlement Class, to be paid out of the Maximum Gross Settlement Amount.

14.     This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the Parties and on all members of the Participating Settlement Class. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Plaintiff and Participating Settlement Class Members hereby irrevocably and unconditionally forever and fully release Defendant and all Released Parties from any and all Released Claims. Plaintiff and the Participating Settlement Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims. Plaintiff and the Participating Settlement Class Members are hereby enjoined from prosecuting any Released Claims against any Defendant or Released Parties.

15.     The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Settlement Agreement and all matters ancillary to the same.

16.     The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed

admissible or used as evidence of (or as an admission of) liability by Defendant or any of the

Released Parties, of any fault or wrongdoing whatsoever..

17.    This Final Approval Order and the Settlement Agreement are binding on Plaintiff

and Settlement Class Members.

18.    For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON**

**THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of

Civil Procedure, without costs to any party except to the extent otherwise expressly provided in

the Settlement Agreement.

**So ORDERED:**

_____
**Mark R. Hornak**
**Chief United States District Judge**