IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH SMITH, individually and on behalf of all others similarly situated, | CIVIL ACTION NO.: 2:19-cv-00147-MRH-~~RCM~~ PLD |
| Plaintiff, | |
| v. | |
| STROM ENGINEERING CORPORATION, | |
| Defendant. | |

## ORDER GRANTING FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT

AND NOW, this **7TH** day of **MARCH**_____, 2024, upon consideration of Plaintiff's Unopposed Motion for Final Approval of a Rule 23 Class Action Settlement (the "Motion") and accompanying brief and Settlement Agreement ("Settlement Agreement"), the representations of all counsel during the March 7, 2024 Final Approval Hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Settlement Agreement is **APPROVED** and Motion is **GRANTED** as follows:

1. The Court has jurisdiction over the claims asserted in the Action and over the Parties to the Action.

2. The Court preliminarily approved the Settlement Agreement that is the subject of this Motion by order entered on November 9, 2023 (the "Preliminary Approval Order"). ECF No. 143. A copy of the Settlement Agreement was attached as an exhibit to Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement, and it is incorporated in this Final Approval Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Settlement Agreement.

3.      The Court determines that notice was given as required by the Preliminary Approval Order. The Court finds that the Notice given of the proposed settlement was the best practical notice under the circumstances. The Notice provided fair and adequate notice of the terms of the Settlement Agreement, the Final Approval Hearing, and the Settlement Class Members' right to exclude themselves from or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      Zero Settlement Class Members have validly excluded themselves from the settlement, and zero individuals have objected to the settlement.

5.      On March 7, 2024, the Court conducted a Final Approval Hearing to consider final approval of the Settlement Agreement and during which the opportunity to be heard was given to all persons requesting to be heard regarding the settlement in this case.

6.      The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record. The Court approves the Settlement Agreement, including its release of claims, and finds that it:

    a.  is fair, just, reasonable and adequate to, and in the best interest of, the Named Plaintiff and the Settlement Class Members;

    b.  demonstrates a good faith intention by the Parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future;

    c.  achieves a definite and certain result for the benefit of the Plaintiff and the Settlement Class Members that is preferable to continuing litigation that would

2

necessarily include substantial risk (including the risk of loss on the merits), uncertainty, delay, and cost;

7.      The Court finds that the Settlement Award calculation set forth in the Settlement Agreement is approved as a fair, equitable, and as reflecting a reasonable allocation of the Maximum Gross Settlement Amount. Accordingly, the Settlement Agreement is hereby approved in accordance with Rule 23 of the Federal Rules of Civil Procedure, and it shall be administrated in accordance with its terms.

8.      The Court previously granted class certification in this Action and found that the Settlement Class, as that term is defined in the Settlement Agreement between the Parties, met the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* Dkt. 116. Accordingly, the Court confirms the certification of the Settlement Class consisting of the following:

> All current or former hourly employees who were provided by Strom as a replacement labor force and who performed work at any ATI facility in Pennsylvania (Bagdad, Brackenridge, Latrobe, Midland, Natrona Heights, Vandergrift and/or Washington) during the August 15, 2015 to March 4, 2016 lockout and labor dispute between ATI and the USW.

9.      The Parties agree there are a total of 992 Settlement Class Members.

10.     The Court previously appointed Plaintiff Ralph Smith as the Class Representative. Dkt. 116. The Court confirms its appointment of Named Plaintiff Ralph Smith, as the Class Representative of the Settlement Class.

11.     The Court confirms the appointment Sarah R. Schalman-Bergen of Lichten & Liss-Riordan, P.C. and finally approves the appointment of Michaela L. Wallin of Berger Montague PC as Class Counsel for the Settlement Class.

12.    Class Counsel's request for attorney's fees in the amount of one third of the Maximum Gross Settlement Amount, or $1,333,333.33, and costs not to exceed $100,000 are approved, to be paid out of the Maximum Gross Settlement Amount.

13.    The Court approves a Service Award to the Named Plaintiff in the amount of $20,000, in recognition of his services as representative of the Settlement Class and in addition as exchange for his broader release of claims to Defendant than the members of the Settlement Class, to be paid out of the Maximum Gross Settlement Amount.

14.    This Order constitutes final approval of the Settlement Agreement. The Settlement Agreement is binding on the Parties and on all members of the Participating Settlement Class. By operation of the Settlement Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Settlement Agreement or those non-waivable by law, Plaintiff and Participating Settlement Class Members hereby irrevocably and unconditionally forever and fully release Defendant and all Released Parties from any and all Released Claims. Plaintiff and the Participating Settlement Class Members are forever barred from bringing or presenting any action or proceeding against Defendant or any of the Released Parties that involve or assert any of the Released Claims. Plaintiff and the Participating Settlement Class Members are hereby enjoined from prosecuting any Released Claims against any Defendant or Released Parties.

15.    The Settlement Agreement shall be administered in accordance with its terms. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Settlement Agreement and all matters ancillary to the same.

4

16.    The Settlement Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Settlement Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed admissible or used as evidence of (or as an admission of) liability by Defendant or any of the Released Parties, of any fault or wrongdoing whatsoever.

17.    This Final Approval Order and the Settlement Agreement are binding on Plaintiff and Settlement Class Members.

18.    For good cause shown, this Civil Action is **DISMISSED IN ITS ENTIRETY, ON THE MERITS, AND WITH PREJUDICE** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, without costs to any party except to the extent otherwise expressly provided in the Settlement Agreement.

**So ORDERED:**

_____
**Mark R. Hornak**
**Chief United States District Judge**

5